UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

WENDELL LAYNE,                          )
                                        )
            Petitioner,                 )
                                        )
v.                                      )   Nos. 1:01-cv-39 / 1:96-cr-59 - **01**
                                        )   *Edgar*
UNITED STATES OF AMERICA,               )
                                        )
            Respondent.                 )

**MEMORANDUM**

I.    **Introduction**

        Wendell Layne, ("Layne") a federal prisoner, brings this *pro se* motion for post-conviction

relief pursuant to 28 U.S.C. § 2255. [Court File No. 1].   The government has filed its response to

Layne's § 2255 motion to vacate, set aside or correct sentence. [Court File No. 4].   Layne has also

filed a reply to the government's response to his § 2255 motion. [Court File No. 5].  In addition,

Layne has filed a motion to grant Supplementary Authority in the interest of justice [Court File No.

6] and a motion for the appointment of counsel. [Court File No. 7].

        Consequently, Layne's motion to vacate, set aside or correct sentence [Court File No. 1] is

now ripe for review.   After a review of the record, the Court concludes:

        (1)    Layne's motion for the appointment of counsel [Court File No. 7]
               will be **DENIED**;

        (2)    Layne's motion for "Supplementary Authority in the interest of
               justice." [Court File No. 6] will be **DENIED**; and,

        (3)    Layne's § 2255 motion to vacate, set aside or correct sentence [Court
               File No. 1] lacks merit and will be **DENIED** and this action will be
               **DISMISSED**.

II.   **Background**

On June 12, 1996, Layne was named in an eleven-count indictment. [Case No. 1:96-cr-59; Court File No. 15]. On July 2, 1996, Layne was named in a ten-count superseding indictment ('indictment"). [Court File No. 51]. Counts 1, 4, and 6 of the indictment charged Layne with three counts of conspiracy to manufacture, distribute and possess with intent to distribute powder and crack cocaine in violation of 21 U.S.C. § 846. *United States v. Layne*, 192 F.3d 556, 565 (6th Cir. 1999), *cert. denied*, 529 U.S. 1029, 120 S. Ct. 1443, 146 L.Ed.2d 330 (2000). Count 2 of the indictment charged Layne with aiding and abetting possession with intent to distribute powder cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). *Id.* Count 5 charged Layne with attempting to possess with intent to distribute powder cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. *Id.* Layne was charged in Count 7 with distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841. *Id.* Count 8 charged him with using and carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). *Id.* Count 9 charged Layne with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *Id.* Finally, Count 10 charged Layne with obstruction of justice in violation of 18 U.S.C. § 1503; and Count 3 charged criminal forfeiture in violation of 21 U.S.C. § 853. *Id.*

A jury trial commenced on September 3, 1996. On September 9, 1996, Layne was found guilty on Counts 1, 2, 4, 5, 6, 7, 8, 9, and 10. [Case No. 1:96-cr-56, Court File No. 116]. In a separate forfeiture proceeding as to Count 3, "[t]he jury found for the government with the exception of a Silverado truck and a Monte Carlo vehicle." *Layne*, 192 F.3d at 566.

Thereafter,

> [o]n January 3, 1997, . . . the district court sentenced [Layne] to a term of life in prison without parole on Counts 1, 2, 4, 5, 6 and 7, a concurrent term of 120 months' imprisonment on Counts 9 and 10, a concurrent term of five years' imprisonment on Count 7. On that same date, the district court

entered a preliminary order of forfeiture. [Layne] filed a timely notice of
appeal.

*Id.*

On September 16, 1999, the Sixth Circuit affirmed in part and reversed and vacated in part,

the judgment of this Court. *United States v. Layne*, 192 F.3d 556 (6th Cir. 1999), *cert. denied*, 529

U.S. 1029, 120 S. Ct. 1443, 146 L.Ed.2d 330 (2000).[1]  In his direct appeal, Layne raised six issues.

*Inter alia*, Layne contested the sufficiency of the evidence.   However, the Sixth Circuit

found that Layne had waived his right to challenge the sufficiency of the evidence supporting his

conviction on Counts 2, 5, and 7, because he had not presented any argument as to the insufficiency

of the evidence supporting those counts.  *Id.* at 566-67.   Further, the Sixth Circuit found there was

sufficient evidence to support Layne's conviction on Counts 1 and 4.  *Id.* at 568.   However, the

Sixth Circuit found that insufficient evidence supported Layne's conviction on Count 6 of the

indictment; and it reversed this Court's judgment and vacated Count 6 of the indictment.  *Id.* at 568-

69.    Likewise, the Sixth Circuit found that there was insufficient proof supporting Layne's

conviction on Count 8 of the indictment; and it reversed this Court's judgment and vacated Count

8 of the indictment.  *Id.* at 571.

Layne also challenged the jury's finding on the criminal forfeiture count.  *Id.* at 574.   The

Sixth Circuit affirmed this Court's judgment as to Count 3 of the indictment, finding that the Court

had not erred in instructing the jury that property is subject to criminal forfeiture under 21 U.S.C.

§ 853 by a preponderance of the evidence.  *Id.*

---

[1]    Layne's petition for a writ of *certiorari* to the Supreme Court of the United States
was denied on March 20, 2000.

Further, Layne challenged the constitutionality of the enhancement of his sentence pursuant to 21 U.S.C. § 851. The Sixth Circuit found, however, that the government had given Layne adequate notice of its intent to use his prior convictions to enhance his sentence as required by § 851. *Id.* Further, the Sixth Circuit also rejected Layne's challenge to the validity of the state law convictions used to enhance his conviction under § 851. *Id.* at 577.

The Sixth Circuit also rejected Layne's challenge to this Court's determination of the sentence to be imposed pursuant to the federal sentencing guidelines. First, the Sixth Circuit found that in determining the quantity of drugs to be attributed to Layne as relevant conduct under U.S.S.G. § 2D1.1, this Court did not err in its conversion of cash to cocaine. *Id.* at 578. Consequently, the Sixth Circuit found that this Court did not err in attributing 11.93 kilograms of cocaine to Layne as relevant conduct. *Id.* Second, the Sixth Circuit also found that this Court did not err by enhancing Layne's total offense level by two levels for his role in the offense pursuant to U.S.S.G. § 3B1.1(c). *Id.* at 578-79.

Lastly, the Sixth Circuit rejected Layne's claim of prosecutorial misconduct during Layne's trial. *Id.* at 579-80. Specifically, Layne had asserted that certain statements made by the prosecutor during his closing argument constituted an improper comment on Layne's failure to testify during the trial. *Id.* at 579. The Sixth Circuit held that the prosecutor's comments fell short of prosecutorial misconduct because they were not intended to highlight Layne's failure to testify and would not be naturally viewed by the jury as a comment on Layne's failure to testify. *Id.*

On November 12, 1999, pursuant to the Sixty Circuit's remand, this Court entered an Order amending the judgment of January 13, 1997. [Case No. 1:96-cr-0058, Court File No. 186]. Pursuant to the November 12, 1999 order, the sentence in the January 13, 1997 judgment was amended to

provide that Layne was "to be imprisoned for a total term of LIFE on COUNTS ONE, TWO, FOUR, FIVE and SEVEN; and terms of 120 MONTHS on COUNTS NINE and TEN, . . . to be served CONCURRENTLY." *Id.* Likewise, the November 12, 1999 order amended the "supervised release" section of the January 13, 1997 judgment to provide that upon release from imprisonment, Layne would "be on supervised release for a term of TEN (10) YEARS on COUNT ONE; EIGHT (8) YEARS on each of COUNTS TWO, FOUR, FIVE and SEVEN; and THREE (3) YEARS on each of COUNTS NINE and TEN; . . . to run CONCURRENTLY." *Id.* Except for the two changes set forth above, the November 12, 1999 order provided that all other aspects of the January 13, 1997 judgment would remain the same. *Id.*

Layne filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on February 5, 2001 [Court File No. 1].

**III.** **Layne's § 2255 motion** [Court File No. 1].

    **A.** **Standard of Review**

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the Court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (citation omitted)(§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); see also *United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994)(applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 998 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 116 S. Ct. 1701, 134 L.Ed.2d 800 (1996).

Further, a § 2255 motion is not a substitute for a direct appeal and it cannot do service for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *United States v. Timmreck*, 441 U.S. 780, 784 (1979); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996); *United States v. Walsh*, 733 F.2d 31, 35 (6th Cir. 1984). Layne cannot use a § 2255 motion to relitigate the same issues that

6

were presented and decided on his direct appeal.  Issues which are presented and considered on direct appeal cannot be litigated again in a § 2255 proceeding absent exceptional circumstances or an intervening change in the law.  *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999); *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996); *DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996).

**B.**     **Issues**

In his § 2255 motion to vacate, set aside or correct sentence, Layne has asserted the following issues:

1.     The decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.3d 435 (2000) should be applied retroactively to Layne's case [Court File No. 2, p. 2];

2.     The indictment was defective because it failed to include the amount of drugs, informer's name, sentencing enhancements, and the government's calculations of the amounts of drugs – which Layne asserts in light of *Apprendi* should be treated an elements of the offense [Court File No. 2, pp. 1-3];

3.     The indictment was defective in light of *Apprendi* because it did not cite to a penalty provision of 21 U.S.C. § 841(a)(1) [Court File No. 2, p. 3];

4.     The government did not meet its burden of proof at sentencing to support the amount of drugs it sought to attribute to Layne [Court File No. 2, p. 3];

5.     The district court erroneously "amended" Count 1 of the indictment when the Court's jury instructions stated the indictment alleged the conspiracy ended March 21, 1996, but the indictment alleged the conspiracy ended May 21, 1996 [Court File No. 2, p. 4];

6.     This Court violated Layne's rights under the Fourteenth and Sixteenth Amendments when it failed to instruct the jury that the jury should determine the quantity of drugs for which he was indicted [Court File No. 2, pp. 4-5];

7.     Layne's prior felony drug conviction could not be used to enhance his sentence because they were part of the instant offense of conviction and when the PSR translated the drug amounts into an equivalent amount of

7

marijuana, Layne's prior felony marijuana conviction could not be counted [Court File No. 2, pp. 5-7];

8.    Counts 4 and 5 violated the Double Jeopardy Clause of the Fifth Amendment because the two counts charge the same offense and because Count 5 is a substantive count of a conspiracy which was never proven [Court File No. 2, pp. 7-8];

9.    The district court violated Fed. R. Crim. P. 32(c)(1) by not making a factual finding involving Layne's objection to the PSR [Court File No. 2, p. 9];

10.   The government abandoned its Notice of Enhancement filed pursuant to 21 U.S.C. § 851 [Court File No. 2, pp. 9-10];

11.   Count 7 of the indictment is unconstitutional because the government failed to prove distribution [Court File No. 2, p. 10];

12.   The "beyond a reasonable doubt" standard applies to forfeiture proceedings not the "preponderance of the evidence" standard. [Court File No. 2, p. 11];

13.   Layne's trial counsel was ineffective because she failed to challenge the sufficiency of the evidence as to counts 2, 5, and 7 on appeal [Court File No. pp. 11-13];

14.   Layne's trial counsel was ineffective because she failed to appeal on the basis of *Apprendi*, *Id*;

15.   Layne's trial counsel was ineffective because she failed to object to the Court's "amendment" of Count 1, *Id*;

16.   Layne's trial counsel was ineffective because she failed to make unspecified objections pursuant to Rule 12(b)(1), *Id*;

17.   Layne's trial counsel was ineffective because she failed to object to the jury instructions/charge, *Id*;

18.   Layne's trial counsel was ineffective because she failed to raise the issue of double jeopardy, *Id*;

19.   Layne's trial counsel was ineffective because she failed to object pursuant to Fed. R. Crim. P. 32(c)(1), *Id*; and

20.   Layne's conviction for obstruction of justice was improper because the indictment failed to allege a constitutional offense and the Court failed to

8

make the requisite factual findings pursuant to Fed. R. Crim. P. 32(c)(1) [Court File No. 2, p. 13].

**C.**     **Analysis**

    **(1)**     **Layne's *Apprendi* claims**

Layne contends that the decision in *Apprendi* should be applied retroactively in his case (**Issue 1**)[Court File No. 1; 2, p.2]; that the indictment was defective because it failed to include the amount of drugs, informer's name, sentencing enhancements, and the government's calculations of the drug amounts to be attributed to him which, he asserts, are elements of the offense in light of *Apprendi* (**Issue 2**)[Court File No. 1; 2, pp.1-3]; and, that in light of *Apprendi* the indictment was defective because it did not cite to a penalty provision of 21 U.S.C. § 841(a)(1)(**Issue 3**)[Court File No. 1; 2, p. 3].

In this case, the judgment of conviction was entered against Layne on January 13, 1997. Pursuant to the Sixth Circuit's order of remand, this Court entered an Order amending the judgment of January 13, 1997 on November 12, 1999. [Case No. 1:96-cr-00059, Court File No. 186]. Further, Layne's petition for a writ of *certiorari* to the United States Supreme Court from the Sixth Circuit's affirmance of his conviction and sentence on direct appeal was denied on March 20, 2000. *United States v. Layne*, 192 F.3d 556 (6th Cir. 1999), *cert. denied*, 529 U.S. 1029, 120 S. Ct. 1443, 146 L.Ed.2d 330 (2000). Hence, Layne's conviction became final on March 20, 2000. *See Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072, 1073, 155 L.Ed.2d 88 (2003)(for purposes of 28 U.S.C. § 2255, a conviction becomes "final" when either the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of *certiorari*, or when the time for filing a *certiorari* petition expires.").

Although the Supreme Court has not addressed the issue, virtually every Court of Appeals that has addressed the issue has held that, "*Apprendi* does not apply retroactively to . . . section 2255 motions." *Coleman v. United States*, 329 F.3d 778 (2d. Cir.), *cert. denied*, 124 S. Ct. 840, 157 L.Ed.2d 719 (2003); *United States v. Swinton*, 333 F.3d 481, 491 (3rd Cir.), *cert. denied*, 124 S. Ct. 458, 157 L.Ed.2d 330 (2003); *Sepulveda v. United States*, 330 F.3d 55, 62 (1st Cir. 2003); *Goode v. United States*, 305 F.3d 378, 382-85 (6th Cir.), *cert. denied*, 537 U.S. 1096, 123 S. Ct. 711, 154 L.Ed.2d (2002); *United States v. Brown*, 305 F.3d 304, 307-10 (5th Cir. 2002)(per curiam); *Curtis v. United States*, 294 F.3d 841, 843-44 (7th Cir.), *cert. denied*, 537 U.S. 976, 123 S. Ct. 451, 154 L.Ed.2d 334 (2002); *United States v. Mora*, 293 F.3d 1213, 1218-19 )10th Cir.), *cert. denied*, 537 U.S. 961, 123 S. Ct. 388, 154 L.Ed.2d 315 (2002); *United States v. Sanchez-Cervantes*, 282 F.3d 664, 666-71 (9th Cir.), *cert. denied*, 537 U.S. 939, 123 S. Ct. 48, 154 L.Ed.2d 243 (2002); *McCoy v. United States*, 266 F.3d 1245, 1255-58 (11th Cir. 2001), *cert. denied*, 536 U.S. 906, 122 S. Ct. 2362, 153 L.Ed.2d 183 (2002); *United States v. Moss*, 252 F.3d 993, 997-1001 (8th Cir. 2001), *cert. denied*, 534 U.S. 1097, 122 S. Ct. 848, 151 L.Ed.2d 725 (2002); *United States v. Sanders*, 247 F.3d 139, 147-51 (4th Cir.), *cert. denied*, 534 U.S. 1032, 122 S. Ct. 573, 151 L.Ed.2d 445 (2001).

*Apprendi* was decided on June 26, 2000. This was after Layne's conviction became final on March 20, 2000. Thus, *Apprendi* does not apply retroactively to Layne's conviction

Accordingly, Layne's claims: (1) that the decision in *Apprendi* should be applied retroactively in his case (**Issue 1**)[Court File No. 1; 2, p.2]; (2) that the indictment was defective because it failed to include the amount of drugs, informer's name, sentencing enhancements, and the government's calculations of the drug amounts to be attributed to him which, he asserts, are elements of the offense in light of *Apprendi* (**Issue 2**)[Court File No. 1; 2, pp.1-3]; and (3) that in

10

light of *Apprendi* the indictment was defective because it did not cite to a penalty provision of 21

U.S.C. § 841(a)(1)(**Issue 3**)[Court File No. 1; 2, p. 3] are without merit and will be **DISMISSED**.

**(2)**     **Layne's claims which are barred because they**
**were decided by the Sixth Circuit on direct appeal**

A number of the issues raised by Layne in his § 2255 motion were raised in his direct appeal

and decided by the Sixth Circuit.   First, Layne's claim that the "beyond a reasonable doubt"

standard not the "preponderance of the evidence" standard applies to the forfeiture proceeding

(**Issue 12**)[Court File No. 1; 2, p. 11] was decided and rejected by the Sixth Circuit in his direct

appeal. *Layne*, 192 F.2d at 574-75.   Thus, Layne cannot relitigate this issue in a § 2255 motion

because it was decided on direct appeal. *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996).

Accordingly, Layne's claim that the "beyond a reasonable doubt" standard not the "preponderance

of the evidence" standard applies to the forfeiture proceeding (**Issue 12**)[Court File No. 1; 2, p. 11]

is without merit and will be **DISMISSED**.

Second, Layne's claim that the government abandoned its Notice of Enhancement filed

pursuant to 21 U.S.C. § 851 (**Issue 10**)[Court File No. 1; 2, pp. 9-10] was effectively decided and

rejected by the Sixth Circuit on direct appeal. *Layne*, 192 F.2d at 575-76.   In his direct appeal

Layne challenged the sufficiency of the § 851 information provided by the government. *Id.* at 575.

The Sixth Circuit found that the "Notice of Intent to Use Prior Convictions to Impeach and to

Enhance Punishment" filed by the government on August 12, 1996 and the "Supplement to Notice

of Intent to Use Prior Convictions to Impeach and to Enhance Punishment" filed on August 29,

1996, complied with § 851. *Id.* at 575-76.   Further, the Sixth Circuit found that the Notice and

Supplemental Notice did not deprive Layne of either reasonable notice or a reasonable opportunity

to be heard on the issue of the availability of his prior convictions for enhancement. *Id.* at 576.

11

Finally, the Sixth Circuit noted that in his brief on appeal, Layne conceded "that he 'was not surprised by the enhanced sentence, was aware from the outset that his previous conviction could lead to an enhanced sentence, and admitted the prior conviction (without challenging it) at the sentencing hearing.'" *Id.* (quoting Appellee's Brief, p. 35). Thus, because this issue was effectively decided on direct appeal, Layne is precluded from relitigating it in the instant § 2255 motion. *Oliver*, 90 F.3d at 180. Accordingly, Layne's claim that the government abandoned its Notice of Enhancement filed pursuant to 21 U.S.C. § 851 (**Issue 10**)[Court File No. 1; 2, pp. 9-10] is without merit and will be **DISMISSED**.

Third, Layne's claim that the government did not meet its burden of proof at sentencing to support the amount of drugs attributed to Layne (**Issue 4**)[Court File No. 1; 2, p. 3] was also decided on direct appeal. In his direct appeal Layne challenged the calculation of drug quantity, *i.e.*, the amount of drugs to be attributed to Layne as relevant conduct under U.S.S.G. §2D1.1. *Layne*, 192 F.3d at 578. The Sixth Circuit explicitly found that this Court "did not clearly err in attributing 11.93 kilograms of cocaine to [Layne]." *Id.* Thus, Layne is precluded from relitigating this issue on collateral attack under § 2255. *Oliver*, 90 F.3d at 180. Moreover, to the extent that Layne's argument is an attempt to suggest that *Apprendi* is an intervening change in the law which would have had an effect on the calculation of the quantity of drugs attributable to him, this argument is without merit. As is stated, *supra*, Layne's conviction became final prior the decision in *Apprendi*, which does not apply retroactively. *Goode*, 305 F.3d at 382-85. Accordingly, Layne's claim that the government did not meet its burden of proof at sentencing to support the amount of drugs attributed to Layne (**Issue 4**)[Court File No. 1; 2, p. 3] is without merit and will be **DISMISSED**.

12

Case 1:01-cv-00039   Document 12   Filed 05/02/05   Page 12 of 31   PageID #: 14

Fourth, Layne claims that Count 7 of the superseding indictment is unconstitutional because the government failed to prove distribution (**Issue 11**)[Court File No. 1; 2, p. 10]. This issue was decided on direct appeal. Specifically, the Sixth Circuit found that Layne had waived his right to appellate review of the evidence supporting his conviction on Count 7 because he had raised the issue but failed to present any argument as to the insufficiency of the evidence supporting his conviction on Count 7. *Layne*, 192 F.3d at 566-67. Layne is precluded from relitigating this issue on collateral review under § 2255. *Oliver*, 90 F.3d at 180. Accordingly, Layne's claim that Count 7 of the superseding indictment is unconstitutional because the government failed to prove distribution (**Issue 11**)[Court File No. 1; 2, p. 10] is meritless, frivolous and will be **DISMISSED**.

Fifth, Layne claims that his prior felony drug convictions could not be used to enhance his sentence: (1) because they were part of the instant offense and (2) when the PSR converted the other drugs into an equivalent amount of marijuana, his prior felony drug convictions should not have been counted. (**Issue 7**)[Court File No. 1; 2, pp. 5-7]. Layne specifically complains that his 1986 and 1989 Tennessee drug convictions should not have been used to enhance his sentence. This issue was raised and rejected by the Sixth Circuit on direct appeal. On direct appeal the Sixth Circuit held that Layne

> failed to show . . . that his prior drug convictions in 1986 and 1989 were constitutionally invalid, we conclude the district court did not err in using them to enhance his sentence under § 851.

*Layne*, 192 F.2d at 577. Again, as this issue was decided adversely to Layne in his direct appeal, Layne cannot relitigate it via a § 2255 motion. *Oliver*, 90 F.3d at 180. Accordingly, Layne's claim that his prior felony drug convictions could not be used to enhance his sentence: (1) because they were part of the instant offense and (2) when the PSR converted the other drugs into an equivalent

amount of marijuana, his prior felony drug convictions should not have been counted. (**Issue 7**)[Court File No. 1; 2, pp. 5-7] is without merit and will be **DISMISSED**.

Finally, Layne's claim that his conviction for obstruction of justice was improper (**Issue 20**)[Court File No. 2, p. 13] was also decided on direct appeal. In his direct appeal, Layne challenged the sufficiency of the evidence supporting his obstruction of justice conviction. *Layne*, 192 F.3d at 572. The Sixth Circuit rejected this argument. *Id.* Further, the Sixth Circuit explicitly disagreed with Layne's contention that the government did not present evidence of a violation of 18 U.S.C. § 1503 because the government failed to show any actions by Layne "impacted Pearce's grand jury testimony." *Id.* The Sixth Circuit found "that the government presented sufficient evidence of an endeavor by [Layne] to influence Pearce's testimony." *Id.* Again, Layne cannot relitigate the issue of the propriety of his conviction for obstruction of justice in a collateral proceeding under § 2255. *Oliver*, 90 F.3d at 180. Accordingly, Layne's claim that his conviction for obstruction of justice was improper (**Issue 20**)[Court File No. 2, p. 13] is without merit and will be **DISMISSED**.

### (3)    Layne's procedurally defaulted claims

In the instant § 2255 motion, Layne has raised four claims which could have been, but were not presented on direct review. First, Layne claims that this Court "amended" Count 1 of the superseding indictment because the Court's jury instructions stated the indictment alleged the conspiracy ended March 21, 1996, but the indictment actually alleged the conspiracy ended May 21, 1996. (**Issue 5**)[Court File No. 1; 2, p. 4]. Second, Layne claims the Court violated his rights under the Fourteenth and Sixteenth Amendments when it failed to instruct the jury that it (the jury) should determine the quantity of drugs for which he was indicted. (**Issue 6**)[Court File No. 1; 2, pp. 4-5].

14

Third, Layne claims that Counts 4 and 5 of the superseding indictment violated the double jeopardy clause of the Fifth Amendment because (1) they charge the same offense and (2) Count 5 is a substantive conspiracy count which was never proven. (**Issue 8**)[Court File No. 1; 2, pp. 7-8]. Fourth, the Court violated Fed. R. Crim. P. 32(c)(1) by not making a factual finding involving Layne's objection to the Pre-Sentence Investigation Report ("PSR"). (**Issue 9**)[Court File No. 1; 2, pp. 9].

With the exception of claims such as claims of ineffective assistance of counsel, a federal prisoner's failure to raise a claim in his direct appeal, results in a procedural default of the claim. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000). To obtain review of a procedurally defaulted claim on collateral review under § 2255, a federal prisoner must show: (1) cause to excuse his failure to previously raise the claim on direct appeal and (2) actual prejudice resulting from the alleged violation. *Phillip*, 229 F.3d at 552. Where the § 2255 movant fails to establish cause for his failure to raise a procedurally defaulted claim on direct review, the determination of whether he was prejudiced by the alleged violation becomes generally unnecessary. *Bousley*, 523 U.S. at 623. The only exception to this situation occurs if the case falls into a narrow range of cases which permit review in order to prevent a fundamental miscarriage of justice, *i.e.*, when the § 2255 movant submits new evidence showing that a constitutional violation has resulted in the conviction of someone who is actually innocent. *Bousley*, 523 U.S. at 622-23.

Layne has not shown "cause" for his failure to raise these issues on direct review. Further, assuming arguendo that the Court would find "cause" for Layne's failure to raise this issues on

direct appeal, he has not shown prejudice resulting from the alleged errors, nor has he shown that he was actually innocent.

Accordingly, Layne has shown neither "cause" nor prejudice for his procedurally defaulted claims that:

1.    This Court "amended" Count 1 of the superseding indictment because the Court's jury instructions stated the indictment alleged the conspiracy ended March 21, 1996, but the indictment actually alleged the conspiracy ended May 21, 1996.  (**Issue 5**)[Court File No. 1; 2, p. 4];

2.    The Court violated his rights under the Fourteenth and Sixteenth Amendments when it failed to instruct the jury that it (the jury) should determine the quantity of drugs for which he was indicted. (**Issue 6**)[Court File No. 1; 2, pp. 4-5].

3.    That Counts 4 and 5 of the superseding indictment violated the double jeopardy clause of the Fifth Amendment because (1) they charge the same offense and (2) Count 5 is a substantive conspiracy count which was never proven. (**Issue 8**)[Court File No. 1; 2, pp. 7-8]; and,

4.    The Court violated Fed. R. Crim. P. 32(c)(1) by not making a factual finding involving Layne's objection to the Pre-Sentence Investigation Report ("PSR"). (**Issue 9**)[Court File No. 1; 2, pp. 9].

Therefore, the four (4) claims set forth immediately above will be **DISMISSED** on the ground that they are not subject to § 2255 review based upon Layne's failure to establish either "cause" or "prejudice" for these procedurally defaulted claims.

**(4)    <u>Layne's claims of ineffective assistance of counsel</u>**

16

To establish ineffective assistance of counsel, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the prejudice prong of the *Strickland* test, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, 466 U.S. at 694. "The essential question is whether better lawyering would have produced a different result." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). Thus, the Court must focus on whether counsel's errors, if any, have likely undermined the reliability of and confidence in the result. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985). With regard to *Strickland* the Sixth Circuit has stated:

> To show deficiency, the defendant must identify specific "acts or omissions [that] were outside the wide range of professionally competent assistance." [*Strickland*, 466 U.S.] at 690. To show prejudice, the defendant must establish a "reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Id.* at 694. This court has read *Strickland* as permitting a conclusion of ineffective assistance of counsel "only if [counsel's] performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 2969 (1993).

*Borch v. United States*, 47 F.3d 1167, 1995 WL 7979, ** 2 (6th Cir. Jan. 9, 1995), *cert. denied*, 415 U.S. 1134, 115 S. Ct. 2016 (1995)). Further, since the failure to establish prejudice is dispositive of a claim of ineffective assistance of counsel, the Court need not address the reasonableness of counsel's behavior unless the movant can establish prejudice. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Layne has raised seven (7) claims asserting that his trial counsel rendered ineffective assistance. First, Layne contends that his trial counsel was ineffective because she failed to raise the issue of the applicability of the decision in *Apprendi* in his direct appeal. (**Issue 14**)[Court File No. 1; 2, pp. 11-13]. However, as is discussed above in detail, *supra*, *Apprendi* was decided after Layne's conviction became final on March 20, 2000, and it does not apply retroactively to his conviction. Thus, Layne cannot establish either that his counsel's performance was deficient or that he suffered prejudice due to his trial counsel's failure to appeal his conviction/sentence on the basis of the decision in *Apprendi*. *Strickland*, 466 U.S. at 694. Accordingly, Layne's claim that his trial counsel was ineffective because she failed to raise the issue of the applicability of the decision in *Apprendi* in his direct appeal. (**Issue 14**)[Court File No. 1; 2, pp. 11-13] is meritless, frivolous and will be **DISMISSED**.

Second, Layne claims that his trial counsel was ineffective because she failed to object to the Court's "amendment" of Count 1. (**Issue 15**)[Court File No. 1; 2, pp. 11-13]. Layne contend that the Court "amended" Count 1 of the superseding indictment because the Court's jury instructions stated the indictment alleged the conspiracy ended on March 21, 1996, but the indictment charged the conspiracy ended on May 21, 1996. Contrary to Layne's contention, the Court did not amend the indictment, the jury instruction on Count 1 of the superseding indictment misstated the ending date of the Count 1 conspiracy as March 21, 1996. [Case No. 1:96-cr-59, Court File No. 179, p. 848]. However, Count 1 of the superseding indictment clearly states that the conspiracy "continu[ed] through approximately May 21, 1996 . . ." [Case No. 1:96-cr-59, Court File No. 51].

18

Further, on direct appeal the Sixth Circuit found that the government had produced sufficient evidence of Layne's involvement in a drug conspiracy to support his conviction on Count 1. *Layne*, 192 F.3d at 568. The Sixth Circuit noted that

> the evidence clearly demonstrates that Ables and [Layne] worked together to achieve the common goal of violating drug laws. Pearce and Winesburgh both testified that Ables served as a "lookout" for [Layne] during [Layne's] drug transactions. ***Winesburgh testified that on May 21, 1996 he observed as [Layne] asked Ables to get a set of triple beam scales, and to get tape to seal up a cocaine package from which [Layne] took a sample*** . . .

*Id.* at 567 (emphasis added). Thus, there was evidence presented at trial concerning the actual ending date of the conspiracy – May 21, 1996.

Layne's trial counsel's performance was neither deficient for failing to object to a mere misstatement in this Court's jury instructions, nor can Layne establish any prejudice resulting from Counsel's failure to object to the aforementioned misstatement. *Strickland*, 466 U.S. at 694. Accordingly, Layne's claim that his trial counsel was ineffective because she failed to object to the Court's "amendment" of Count 1. (**Issue 15**)[Court File No. 1; 2, pp. 11-13] are meritless, frivolous and will be **DISMISSED**.

Third, Layne contends that his counsel was ineffective for failing to make certain unspecified objections pursuant to Rule 12(b)(1).(**Issue 16**)[Court File No. 1; 2, pp. 11-13]. Layne's entire claim in this respect is that "Rule 12(b)(1) was not use object to at trial by counsel." *Id.*, p. 12. This allegation lacks any specificity and does not set forth any facts which would entitle Layne to § 2255 relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1991). This aspect of Layne's § 2255 motion is without legal merit as it states general conclusions of law without substantiating allegations of fact. *Loum v. Underwood*, 262 F.2d 866 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 170 (W.D. Tenn. 1996). Accordingly, Layne's claim that his counsel was

19

ineffective for failing to make certain unspecified objections pursuant to Rule 12(b)(1).(**Issue 16**)[Court File No. 1; 2, pp. 11-13] is meritless and will be **DISMISSED**.

Fourth, Layne claims that his trial counsel was ineffective for failing to object to the jury instructions/charge. (**Issue 17**)[Court File No. 1; 2, pp. 11-13]. Again, Layne's entire claim in this respect is that the "[j]ury charge instruction not objected to; violating the 14th and 16th Amendment guaranteed by the Constitution to the defendant." [Court File No. 2, p. 12]. Thus, Layne has not alleged any specific facts in support of his allegation that his trial counsel was ineffective because she did not object to the jury charge. The only specific objection made by Layne with respect to the jury charge concerned his counsel's failure to object to the Court's alleged "amendment" of Count 1 of the superseding indictment. However, as is discussed above, that claim is meritless as the Court's alleged "amendment" of Count 1 was a simple misstatement – to the effect that Count 1 alleged the conspiracy ended on March 21, 1996, when the indictment actually alleged the conspiracy ended on May 21, 1996 – and resulted in no prejudice to Layne.

Layne's claim that his counsel was ineffective for failing to object to the jury instruction, thus, is without merit as it is merely a general factual conclusion lacking in any specific factual allegations in support of the claim. *O'Malley*, 285 F.2d at 735; *Johnson*, 940 F. Supp. at 170. Accordingly, Layne's claim that his trial counsel was ineffective for failing to object to the jury instructions/charge. (**Issue 17**)[Court File No. 1; 2, pp. 11-13] is without merit and will be **DISMISSED**.

Fifth, Layne claims that his trial counsel was ineffective for failing to raise the issue of double jeopardy. (**Issue 18**)[Court File No. 1; 2, pp. 11-13]. Layne asserts that Counts 4 and 5 of the superseding indictment constituted double jeopardy because they charged the same offense. This

20

argument is without merit. Count 4 of the superseding indictment charged Layne with a conspiracy – different from the conspiracy charged in Count 1 – to possess with intent to distribute cocaine hydrochloride (powder) in violation of 21 U.S.C. § 846. [Case No. 1:96-cr-59; Court File No. 51, p. 5]. Count 5 of the superseding indictment charged Layne with possession with intent to distribute of cocaine hydrochloride (powder) in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.*, p. 6. A criminal defendant may be charged with multiple offenses based upon the same underlying conduct so long as each offense requires proof of an element not required by the other. *United States v. Kelly*, 204 F.3d 652, 656 (6th Cir.), *cert. denied*, 530 U.S. 1268, 120 S. Ct. 2732, 147 L.Ed.2d 994 (2000)(citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L.Ed. 306 (1983)). Count 4 requires proof of a conspiracy – that Layne agreed with two or more persons to commit the drug trafficking crime alleged in count 4 and, also, that Layne participated in the conspiracy. *United States v. Hines*, 398 F.3d 713, 718 (6th Cir. 2005). Count 5 did not required proof of either of these two elements. Thus, Layne's convictions under Counts 4 and 5 did not constitute double jeopardy under the Fifth Amendment. Layne's experienced trial counsel simply did not make a meritless double jeopardy objection at trial. Accordingly, Layne's claim that his trial counsel was ineffective for failing to raise the issue of double jeopardy. (**Issue 18**)[Court File No. 1; 2, pp. 11-13] is frivolous, meritless and will be **DISMISSED**.

Sixth, Layne claims that his trial counsel was ineffective for failing to make objections to the Pre-Sentence Investigation Report ("PSR") pursuant to Fed. R. Crim P. 32(c)(**Issue 19**)[Court File No. 1; 2, pp. 11-13]. At Layne's sentencing, the Court indicated that it was familiar with the PSR and Layne's numerous objections thereto. [Case No. 1:96-cv-59, Court File No. 182, p. 24]. However, over the objections of Layne's counsel, the Court indicated that it would resolve only

21

those objections which would have some impact on Layne's sentence. *Id.* at pp. 24-25. In so doing, the Court complied with Fed. R. Crim. P. 32 because it, in effect, found that findings on some of Layne's objections to the PSR were unnecessary because the controverted matters/issues would either not be taken into account in determining, or would have no effect upon, Layne's sentence. See *United States v. Greene*, 71 F.3d 232, 235-36 (6th Cir. 1995). Accordingly, Layne's claim that his trial counsel was ineffective for failing to make objections to the PSR pursuant to Fed. R. Crim P. 32(c)(**Issue 19**)[Court File No. 1; 2, pp. 11-13] is meritless and will be **DISMISSED**.

Finally, Layne claims that his trial counsel was ineffective because she failed to challenge the sufficiency of the evidence on counts 2, 5 and 7 on direct appeal. (**Issue 13**)[Court File No. 1; 2, pp. 11-13]. As noted previously, on direct appeal, the Sixth Circuit found that although Layne purported to challenge the sufficiency of the evidence supporting his criminal convictions, he failed to present any argument concerning his convictions on Counts 2, 5 and 7. *Layne*, 192 F.3d at 566-67. Thus, the Sixth Circuit found that Layne had waived his right to appellate review of the sufficiency of the evidence supporting his conviction on Counts 2, 5 of 7 of the superseding indictment. *Id.* (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)).

Count 2 of the superseding indictment charged that Layne, on or about May 21, 1996, aided and abetted possession with the intent to distribute cocaine hydrochloride (cocaine powder) in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). [Court File No. 1:96-cr-59; Court File No. 51]. To sustain Layne's conviction on Count 2 of the superseding indictment, it must be proved that Layne (1) knowingly; (2) possessed a controlled substance; (3) with intent to distribute. *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994)(citing *United States v. Clark*, 928 F.2d 733, 736 (6th Cir.)(per curiam), *cert. denied*, 502 U.S. 846, 112 S. Ct. 144, 116 L.Ed.2d 110 (1991)). Proof

22

of actual possession is not needed to sustain a conviction if there is proof a defendant aided and abetted the criminal venture. *Clark*, 928 F.2d at 736. A defendant aids and abets a criminal venture where he associates himself with the venture in such a way that his participating is either intended to bring about the crime of make it succeed. *Id.* Count 5 of the superseding indictment charged that Layne, on or about July 28, 1994, attempted to possess with the intent to distribute cocaine hydrochloride (cocaine powder) in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Court File No. 1:96-cr-59; Court File No. 51]. To sustain a conviction for an "attempt" to commit a drug offense, the government must prove: (1) the intent to engage in the proscribed criminal activity, and (2) the commission of an overt act which constitutes a substantial step towards the commission of the proscribed criminal activity. *United States v. Penneyman*, 889 F.2d 104, 106 (6th Cir. 1989)(*United States v. Reeves*, 794 F.2d 1101, 1103-04 (6th Cir.), *cert. denied*, 479 U.S. 963, 107 S. Ct. 463, 93 L.Ed.2d 408 (1986)). Count 7 of the superseding indictment charged that Layne, from on or about March 1996 through May 21, 1996, distributed and possessed cocaine base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1). [Court File No. 1:96-cr-59; Court File No. 51].

In this instance, the Court finds that sufficient evidence was presented at trial to sustain Layne's convictions. On direct appeal, the Sixth Circuit summarized the evidence as follows:

> In June or July 1994, Joe Copeland, a special agent with the Tennessee Bureau of Investigation ("TBI") learned from Gary Bischoff that Gifford Fuller, an individual Copeland had arrested in 1983 for selling cocaine, was selling cocaine once again. Copeland arranged for Mike Finley, another TBI agent, to pose as a drug dealer from Florida and arranged for Bischoff to introduce Finley to Fuller. Finley set up a hotel room in Rhea County, Tennessee so that other agents could monitor and record the activity in the room. On the arranged meeting date, July 27, 1994, Bischoff introduced Finley to Steve Yearwood, an associate of Fuller. Finley, posing as a drug dealer, showed Yearwood kilogram of cocaine.

23

The next day, Fuller himself came to meet Finley. Fuller sampled the cocaine and told Finley that although he did not have enough money to by a kilogram, he would see someone who would have the money. The TBI followed Fuller to the residence of [Layne], located in Soddy-Daisy, Tennessee. Fuller then returned to the hotel room carrying a box containing a set of triple beam scales. Fuller told Finley that "his man" wanted him to buy an ounce of cocaine and to return the scales and ounce to him for sampling (J.A. at 71). Fuller said that if the man liked the cocaine, he would buy the kilogram. After Fuller paid about $1,350 for the cocaine, the TBI arrested him.

Fuller agreed to cooperate with the TBI named [Layne] as "his man," and agreed to assist the agents in their investigation of [Layne]. Copeland scratched his initials onto the scales before Fuller returned them to [Layne]. The agents recorded conversations between Fuller and [Layne], and heard [Layne] complain that Fuller had kept the scales for so long that he had caused [Layne] to miss out on opportunities to sell more cocaine. The conversations further revealed that [Layne] was interested in Finley's cocaine because it was of better quality and cheaper, but would only buy it if Finley came to [Layne's] residence. Because [Layne] lived on a dead-end road where surveillance would be difficult, the investigation ended . . .

*Layne*, 192 F.2d at 563-64. Thus, there was sufficient evidence to sustain Layne's conviction on

Count 5. The evidence showed that on or about July 28, 1994, Layne had the intent to purchase

cocaine. He was careful and secretive, but not disinterested. Moreover, Layne did take a

substantial step toward purchasing the cocaine when he gave Fuller the set of triple-beam scales with

instructions to weigh out an ounce sample of cocaine for purchase and examination. *Id.* Further,

Layne also indicated some interest in the purchase of additional cocaine. *Id.*

The Sixth Circuit continued its summary of the evidence on direct appeal:

Copeland again began to investigate [Layne] in 1996 . . . with the assistance . . . of the United States Drug Enforcement Administration ("DEA"). They arranged to use Paul "Pete" Winesburgh as an informant, and from April to May 1996, the agents taped three conversations between [Layne] and Winesburgh. On May 21, 1996, the agents asked Winesburgh to take three kilograms of cocaine, three guns, . . . ammunition, and assorted drug paraphernalia to [Layne] with the explanation that Winesburgh had stolen these items from a drug dealer. The agents had sprayed these items, along

24

with a cooler, with a special powder which could only be seen under a black light. When Winesburgh arrived at [Layne's] residence, [Layne] was present, along with Jerry Ables, Theresa Hicks, and Ed Goins. [Layne] directed Ables to get a set of scales, cut into one of the cocaine packages to sample it, and then sent Ables to get tape to seal the package back up. After [Layne] . . . negotiated a price, [Layne] went to the neighboring residence of his mother and returned with $36,500 for Winesburgh. Defendant took the three kilograms and the [gun] and paid Winesburgh in twenties and hundreds. . .

On May 22, 1996, DEA agents in possession of a warrant to arrest [Layne] . . . decided to move in when they spotted a pickup truck moving across [Layne's] field. The agents discovered [Layne] and Ables by an orange pickup truck and found a small can with one kilogram of cocaine by [Layne], and another can with two kilograms of cocaine by Ables. They found a small amount of crack cocaine . . . on [Layne's] person. The agents . . . also found Inositol that was used to cut cocaine, baggies, containers, and the scales on which Copeland had scratched his initials in [Layne's] trailer and garages. Agents discovered $671,300 in twenties and hundreds . . . and found traces of the special powder in [Layne's] mother's home, as well as in the garage and [Layne's] trailer.

*Id.* at 564-65.

The Sixth Circuit also noted that at Layne's trial:

. . . the government introduced the testimony of Rhonda Pearce, who began buying cocaine from [Layne] in 1981, 1982, or 1983, and bought cocaine from [Layne] almost continuously through the time of his arrest in 1996. She testified that she usually bought cocaine from [Layne] in one-sixteenth ounce quantities for $100 each . . . Pearce further testified that up until two years prior to [Layne's] arrest, she often saw Debbie Arnold . . at [Layne's] home, and that Arnold became absent when Teresa Hicks moved in with [Layne]. Pearce testified that she began observing the presence of crack at [Layne's] home after Hicks arrived and that she . . and [Layne] smoked crack together on several occasions. . . .

The government also offered the testimony of its informants, Fuller and Winesburgh. Fuller testified that he began buying cocaine from [Layne] in 1992, and that he continuously bought cocaine from [Layne] through the time of [Layne's] arrest in 1994 . . . Fuller stated that he had never known [Layne] to work but that he often saw [Layne] with large sums of money. Winesburgh . . . testified . . . he had purchased cocaine three or four times

25

from [Layne] for a friend. . . Winesburgh saw [Layne] using his scales to
weight cocaine and selling it to customers in baggies . . . .

*Id.* at 565-66.

The evidence set forth above, is sufficient to support Layne's conviction on Count 2 of the
superseding indictment.   Layne was arrested on May 22, 1996 after buying three kilograms of
cocaine from an informant on May 21, 1996, for $36,500.   At the time of his arrest, one kilogram
of the cocaine was found next to Layne; and, the remaining two kilograms were in the possession
of a co-defendant who was with Layne.   Moreover, there was also testimony that Layne had been
selling cocaine for years.  From this testimony the jury could infer that Layne purchased the three
kilograms of cocaine on May 21, 1996 with the intent to distribute it.

Further, there was sufficient evidence adduced at trial to support Layne's conviction on
Count 7 of the superseding indictment.  When Layne was arrested on May 22, 1996, a small amount
of cocaine base (crack cocaine) was found on his person.   Further, Rhonda Pearce testified that in
period shortly before Layne's arrest – two to three months – he distributed crack cocaine to several
persons, including Pearce.   Pearce also testified that Layne shared crack cocaine with persons at his
home, including customers who were there to purchase the crack cocaine.

Thus, because there was sufficient evidence adduced at trial to support Layne's convictions
on Counts 2, 5 and 7 of the superseding indictment, Layne cannot establish ineffective assistance
on the part of his trial counsel because he cannot establish that he was prejudiced on direct appeal
as the result of her failure to present any argument challenging the sufficiency of the evidence in
support of Layne's convictions on Counts 2, 5 and 7 of the superseding indictment.  Accordingly,
Layne's claim that his trial counsel was ineffective because she failed to challenge the sufficiency

of the evidence on counts 2, 5 and 7 on direct appeal.  (**Issue 13**)[Court File No. 1; 2, pp. 11-13] is without merit and will be **DISMISSED**.

IV.     **Layne's motion for the appointment of counsel** [Court File No. 7].

Layne has moved for the appointment of counsel to assist him, in the interests of justice, with his § 2255 motion. [Court File No. 7].   However, as is discussed in great detail above, the twenty (20) issues raised by Layne in his § 2255 motion to vacate, set aside or correct sentence are lacking in merit.   Accordingly, Layne's motion for the appointment of counsel in connection with his § 2255 motion [Court File No. 7] will be **DENIED**.

V.     **Layne's motion to for "Supplementary Authority"** [Court File No. 6].

Layne has also moved for/requested this Court to grant a "Supplementary Authority in the interest of justice to argue Government's rebuttal . . ." [Court File No. 6].  Subsequently, Layne filed a judicial notice referring to the decision in *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2351, 159 L.Ed.2d 403 (2004). [Court File No. 10].

Thus, to the extent Layne seeks to file "Supplementary Authority" to argue that the decision in *Blakely* should be retroactively applied to his case, this argument is without merit as *Blakely* does not apply retroactively to this Layne's conviction.   As previously noted in the discussion concerning *Apprendi,* Layne's conviction became final on March 20, 2000, when the Supreme Court denied Layne's petition for a writ of *certiorari.*

In *United States v. Humphress*, 398 F.3d 855 (6th Cir. 2005), the petitioner, Jackie Humphress appealed the district court's denial of his § 2255 motion arguing, *inter alia*, "that his sentence was increased on the basis of facts found by the sentencing court in violation of *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004).  *Humphress*, 398 F.3d at

857. The Sixth Circuit rejected *Humphress* argument. It first noted that because Humphress did not file a petition for certiorari with the Supreme Court following the Sixth Circuit's denial of his direct appeal, his conviction became final in January of 2000, ninety (90) days after the denial of his direct appeal. *Id.*, 398 F.3d at 860 (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004); *United States v. Dick & Humphress*, 194 F.3d 1314 (Table), 1999 WL 825037 (6th Cir. 1999).

The Sixth Circuit then concluded:

> Humphress argues that his sentence was imposed in violation of *Blakely*, ___ U.S. ___, 124 S. Ct. 2531, 159 L.Ed.2d 403, because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in *Booker*, ___ U.S. ___, 125 S. Ct. 738, ___ L.Ed.2d ___, which applied the *Blakely* reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. Because we conclude that *Booker's* rule does not apply retroactively in collateral proceedings, we find this claim meritless.

*Humphress*, 398 F.3d at 860.

*Blakely* was decided in June 24, 2004. *Booker* was decided on January 12, 2005.

Thus, Layne's conviction became final prior to the decisions in *Blakely* and *Booker*; and, any claim based upon the retroactive application of those decisions, which he apparently seeks to assert by virtue of his motion for "Supplementary Authority" and his Judicial Notice [Court File No. 6, 10] would be meritless. *Id.* Further, the Court has analyzed the twenty (20) claims asserted by Layne in his § 2255 motion in detail and found them to be meritless.

Accordingly, Layne's motion for "Supplementary Authority" [Court File 6] will be **DENIED**.

28

## VI.    Conclusion

For the reasons stated in detail, *supra*:

(1)    Layne's motion for the appointment of counsel [Court File No. 7] will be **DENIED**;

(2)    Layne's motion for "Supplementary Authority in the interest of justice." [Court File No. 6] will be **DENIED**; and,

(3)    The Court having analyzed all twenty (20) claims in Layne's § 2255 motion [Court File No. 1] and having found that all twenty (20) claims are lacking in merit, Layne's claims will be **DENIED**. The twenty (20) meritless claims brought by Layne in his § 2255 motion are:

    **1**.    The decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.3d 435 (2000) should be applied retroactively to Layne's case [Court File No. 2, p. 2];

    **2**.    The indictment was defective because it failed to include the amount of drugs, informer's name, sentencing enhancements, and the government's calculations of the amounts of drugs – which Layne asserts in light of *Apprendi* should be treated an elements of the offense [Court File No. 2, pp. 1-3];

    **3**.    The indictment was defective in light of *Apprendi* because it did not cite to a penalty provision of 21 U.S.C. § 841(a)(1) [Court File No. 2, p. 3];

    **4**.    The government did not meet its burden of proof at sentencing to support the amount of drugs it sought to attribute to Layne [Court File No. 2, p. 3];

    **5**.    The district court erroneously "amended" Count 1 of the indictment when the Court's jury instructions stated the indictment alleged the conspiracy ended March 21, 1996, but the indictment alleged the conspiracy ended May 21, 1996 [Court File No. 2, p. 4];

    **6**.    This Court violated Layne's rights under the Fourteenth and Sixteenth Amendments when it failed to instruct the jury that the jury should determine the quantity of drugs for which he was indicted [Court File No. 2, pp. 4-5];

    **7**.    Layne's prior felony drug conviction could not be used to enhance his sentence because they were part of the instant offense of conviction and when the PSR translated the drug amounts into an

equivalent amount of marijuana, Layne's prior felony marijuana conviction could not be counted [Court File No. 2, pp. 5-7];

8. Counts 4 and 5 violated the Double Jeopardy Clause of the Fifth Amendment because the two counts charge the same offense and because Count 5 is a substantive count of a conspiracy which was never proven [Court File No. 2, pp. 7-8]

9. The district court violated Fed. R. Crim. P. 32(c)(1) by not making a factual finding involving Layne's objection to the PSR [Court File No. 2, p. 9];

10. The government abandoned its Notice of Enhancement filed pursuant to 21 U.S.C. § 851 [Court File No. 2, pp. 9-10];

11. Count 7 of the indictment is unconstitutional because the government failed to prove distribution [Court File No. 2, p. 10];

12. The "beyond a reasonable doubt" standard applies to forfeiture proceedings not the "preponderance of the evidence" standard. [Court File No. 2, p. 11];

13. Layne's trial counsel was ineffective because she failed to challenge the sufficiency of the evidence as to counts 2, 5, and 7 on appeal [Court File No. pp. 11-13];

14. Layne's trial counsel was ineffective because she failed to appeal on the basis of *Apprendi*, *Id*;

15. Layne's trial counsel was ineffective because she failed to object to the Court's "amendment" of Count 1, *Id*;

16. Layne's trial counsel was ineffective because she failed to make unspecified objections pursuant to Rule 12(b)(1), *Id*;

17. Layne's trial counsel was ineffective because she failed to object to the jury instructions/charge, *Id*;

18. Layne's trial counsel was ineffective because she failed to raise the issue of double jeopardy, *Id*;

19. Layne's trial counsel was ineffective because she failed to object pursuant to Fed. R. Crim. P. 32(c)(1), *Id*; and

20. Layne's conviction for obstruction of justice was improper because the indictment failed to allege a constitutional offense and the Court failed to make the requisite factual findings pursuant to Fed. R. Crim. P. 32(c)(1) [Court File No. 2, p. 13].

30

Therefore, the aforementioned twenty (20) claims are lacking in merit and will be **DENIED**

and Layne's § 2255 motion to vacate, set aside or correct sentence will be **DISMISSED**.

A separate order will enter.

*/s/ R. Allan Edgar*
R. ALLAN EDGAR
CHIEF UNITED STATES DISTRICT JUDGE
